IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00092-CR

 

Tommy Wayne Franks,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-569-C

 



MEMORANDUM  Opinion



 








          A jury convicted Tommy Wayne Franks of two counts of aggravated sexual assault and a
single count of indecency with a child.  The jury assessed his punishment at
sixty years’ imprisonment on one of the aggravated sexual assault counts, forty
years’ imprisonment on the second aggravated sexual assault count, and twenty
years’ imprisonment on the indecency count.  The court ordered that Franks’s
sentences run consecutively.  We will affirm.

          Franks contends in his first issue
that the court’s cumulation order violated his rights to due process and due
course of law because he received no prior notice of the State’s intent to seek
cumulative sentences.  However, Franks did not object to the cumulation order. 
Thus, he has not preserved this issue for appellate review.  See Tex. R. App. P. 33.1(a)(1); Hull v. State, 67 S.W.3d 215, 216-17 (Tex. Crim. App. 2002); Marrow v.
State, No. 10-04-00104-CR, 2005 Tex. App. LEXIS 4592, **2-3 (Tex. App.—Waco June 15, 2005,
no pet. h.).  Accordingly, we overrule Franks’s first issue.

          Franks contends in his second issue
that the court’s decision to cumulate his sentences violated his Sixth
Amendment right to jury trial under Apprendi v. New Jersey[1]
and its progeny because the cumulation order in effect caused his sentences to
exceed the prescribed statutory maximum.  However, this Court has determined
that no Apprendi violation is shown when a trial court orders the
cumulation of sentences which individually lie within the statutory range of
punishment but for which the cumulative total exceeds the prescribed statutory
maximum for any single offense.  See Marrow, 2005 Tex. App. LEXIS 4592 at
**4-6.  Accordingly, we overrule Franks’s second issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed June 22, 2005

Do not publish

[CR25]

 









[1]
              530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000 ).